T.C. Memo. 2009-63

UNITED STATES TAX COURT

DOUGAL C. AND DIANE N. MACDONALD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12652-07L.           Filed March 24, 2009.

<u>William E. Taggart, Jr.</u>, for petitioners.

<u>Margaret A. Martin</u> and <u>Jeremy L. McPherson</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  Petitioners petitioned this Court in
response to respondent's Notice of Determination Concerning
Collection Action(s) Under Section 6320[1] and/or 6330 for 1998

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

through 2004 (notice of determination) and Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 of the Internal Revenue Code for 1996 and 1997 (decision letter). This matter is before the Court on respondent's (1) motion to dismiss for lack of jurisdiction and to strike as to 1996 and 1997 and (2) motion to dismiss on ground of mootness and to strike as to 1999 through 2004.[2] For the reasons stated herein, we shall grant respondent's motions.

## Background

Petitioners resided in California when their petition was filed.

The record establishes and the parties do not dispute the following. On August 30, 1999, respondent issued petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for 1996 and 1997. Petitioners did not request a hearing with respondent's Appeals Office. Instead, on September 9, 1999, petitioners filed a bankruptcy petition under chapter 7 of the Bankruptcy Code. Respondent filed a proof of claim and in 2005 received distributions out of the bankruptcy estate which he applied to petitioners' 1996 through 1998 tax accounts. Petitioners' bankruptcy case was closed in 2005.

---

[2]Mootness is itself a jurisdictional concept. See Greene-Thapedi v. Commissioner, 126 T.C. 1, 6 n.9 (2006); Hefti v. Commissioner, 97 T.C. 180, 191 (1991), affd. 983 F.2d 868 (8th Cir. 1993).

On June 17, 2006, respondent issued petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for 1998 through 2004.[3]  On or about July 17, 2006, petitioners submitted a Form 12153, Request for a Collection Due Process Hearing, requesting a hearing with respondent's Appeals Office with respect to 1996 through 2004.  In the attachment to the Form 12153, petitioners asserted that they had fully paid their 1996 through 1998 Federal income tax liabilities.  Petitioners also proposed to make certain monthly payments until respondent and petitioners would reach an agreement as to the amount of petitioners' unpaid tax liabilities, and thereafter petitioners would pay the remaining balance within 90 days.[4]  With the Form 12153, petitioners paid $40,000 and requested that respondent apply the payment to their most recent Federal income tax liabilities.  Respondent applied $38,336.63 and $1,663.37 to petitioners' 2004 and 2003 Federal income tax liabilities,

---

[3]On or about June 26, 2006, respondent also issued petitioners a Final Notice Before Levy on Social Security Benefits for 1996 and 1997.

[4]In the Form 12153 petitioners characterize their proposal as an "Offer-In-Compromise based on doubt as to liability" whereas in their petition petitioners characterize it as an "installment payment agreement based on doubt as to collectibility and Effective Tax Administration".  The type of collection alternative proposed does not affect our disposition of respondent's motions.  Likewise, the amount of payment is not relevant to our disposition of respondent's motions.

respectively, and the payment satisfied petitioners' 2004 Federal income tax liabilities in full.

The settlement officer assigned to the case conducted the hearing by telephone and correspondence. During the hearing petitioners asserted that respondent waived his claim to the interest that accrued after petitioners had filed their bankruptcy petition (postpetition interest) because respondent failed to file a proof of claim with respect to such interest in the bankruptcy proceeding. Accordingly, petitioners contended that their 1996 through 1998 Federal income tax liabilities had been fully paid. The settlement officer rejected the collection alternative as not processable because petitioners had not offered a specific monthly payment and had relegated to themselves the decision as to the correct balance they owed.

On May 4, 2007, respondent's Appeals Office issued petitioners a notice of determination sustaining the levy with respect to their 1998 through 2004 Federal income tax liabilities.[5] Because the Appeals Office concluded that petitioners had not timely requested a hearing with respect to 1996 and 1997, it issued petitioners a decision letter dated

_____

[5]Respondent issued the notice of determination with respect to 1998 through 2004 even though petitioners had fully paid their 2004 Federal income tax liability on July 17, 2006.

May 11, 2007, sustaining the levy with respect to their unpaid Federal income tax liabilities for 1996 and 1997. In the decision letter, respondent's Appeals Office stated:

> Your due process hearing request was not filed within the time prescribed under Section 6320 and/or 6330. However, you received a hearing equivalent to a due process hearing except that there is no right to dispute a decision by the Appeals Office in court under IRC Sections 6320 and/or 6330.

On June 4, 2007, petitioners petitioned this Court challenging the notice of determination and the decision letter. Petitioners contend that their request for a hearing with the Appeals Office was timely with respect to all years and that they did not receive a proper hearing under section 6330. Petitioners assert that respondent erred in rejecting petitioners' proposed collection alternative and sustaining the levy without determining whether petitioners had unpaid Federal income tax liabilities. Petitioners request that we redetermine their unpaid 1999 through 2004 Federal income tax liabilities and find that they have no unpaid 1996 through 1998 Federal income tax liabilities.

On August 22, 2007, petitioners paid their 1999 through 2003 Federal income tax liabilities in full.

## Discussion

### I. Collection by Levy

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after

notice and demand for payment, the Secretary is authorized to collect such tax by levy upon the person's property. Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing (section 6330 hearing) before the levy is made.

The taxpayer must request a section 6330 hearing within the 30-day period commencing on the day after the date of the notice of intent to levy. Sec. 6330(a)(3)(B); sec. 301.6330-1(b)(1), Proced. & Admin. Regs. If a taxpayer timely requests a section 6330 hearing, a hearing shall be held before an impartial officer or employee of the Internal Revenue Service Office of Appeals. Sec. 6330(b)(1), (3). After the section 6330 hearing the Appeals Office issues a notice of determination indicating whether the proposed levy action may proceed. Sec. 301.6330-1(e)(3), Q&A-E8, Proced. & Admin. Regs. Under section 6330(d)(1) the taxpayer may petition this Court to review the determination made by the Appeals Office. See sec. 301.6330-1(f)(1), Proced. & Admin. Regs.

II. Respondent's Motion To Dismiss for Lack of Jurisdiction

A. Equivalent Hearing

In response to the petition respondent filed a motion to dismiss for lack of jurisdiction and to strike as to 1996 and 1997. The Court held a hearing on respondent's motion at its

trial session in San Francisco, California. Respondent argues that he has not issued a notice of determination for 1996 and 1997 that would give the Court jurisdiction under section 6330(d)(1).

This Court is a court of limited jurisdiction, sec. 7442, and accordingly, we may exercise jurisdiction only to the extent expressly authorized by Congress, Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Jurisdiction under section 6330(d)(1) depends on the issuance of a notice of determination by the Appeals Office. See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see also Rule 330(b).

Generally, if a person requests a section 6330 hearing after the 30-day period for requesting that hearing, the taxpayer is not entitled to a section 6330 hearing but nevertheless may receive a so-called equivalent hearing. See Kennedy v. Commissioner, 116 T.C. 255, 262 (2001); sec. 301.6330-1(i)(1), Proced. & Admin. Regs. An equivalent hearing, held by the Appeals Office, is generally conducted in the same manner as a section 6330 hearing. Sec. 301.6330-1(i)(1), Proced. & Admin. Regs. After the equivalent hearing, the Appeals Office does not issue a notice of determination but instead issues a decision letter, which generally includes the same information as a notice of determination. Sec. 301.6330-1(i)(2), Q&A-I4, Proced. &

Admin. Regs.  The decision letter generally is not subject to judicial review under section 6330(d)(1).[6]  Rule 330; <u>Severo v. Commissioner</u>, 129 T.C. 160, 163 (2007); <u>Kennedy v. Commissioner</u>, <u>supra</u> at 261-263; sec. 301.6330-1(i)(2), Q&A-I5, Proced. & Admin. Regs.

Petitioners do not dispute that they did not timely request a section 6330 hearing.  Accordingly, respondent properly held an equivalent hearing and issued a decision letter instead of a notice of determination.  See <u>Kennedy v. Commissioner</u>, <u>supra</u> at 262.  Consequently, we do not have jurisdiction to review respondent's determination in the decision letter.

In opposition to respondent's motion, petitioners assert that respondent failed to file a proof of claim in petitioners' bankruptcy proceeding thereby waiving his claim to postpetition interest.  Petitioners also contend that respondent improperly applied payments from petitioners' bankruptcy estate to their tax accounts, which resulted in an incorrect record of petitioners' 1996 and 1997 Federal income tax liabilities,[7] and that the Court

---

[6]Cf. <u>Craig v. Commissioner</u>, 119 T.C. 252 (2002).

[7]Petitioners advance the same argument with respect to 1998. They assert that the Court has jurisdiction with respect to 1996 through 1998 because "any decision * * * with respect to Petitioners' 1998 tax year will be <u>res judicata</u> with respect to Petitioners' 1996 and 1997 tax years as the issues and parties are identical."  The possible application of the doctrines of collateral estoppel or res judicata is not relevant to our consideration of whether we have jurisdiction to review a
(continued...)

has jurisdiction to consider whether such payments and credits should have been applied to 1999 through 2004.[8]  Petitioners' contentions raise an issue relevant to the appropriateness of the collection action.  See Swanson v. Commissioner, 121 T.C. 111, 119 (2003).  Although section 6330(c)(2)(A) provides that a taxpayer may raise challenges to the appropriateness of the collection action in the section 6330 hearing, respondent held an equivalent hearing and not a section 6330 hearing with respect to 1996 and 1997.  Because respondent's Appeals Office properly issued a decision letter to petitioners, we do not have jurisdiction to review any issue raised during the equivalent hearing, including challenges to the appropriateness of the collection action.  See Severo v. Commissioner, supra at 163.

    B.    <u>Jurisdiction Under Section 6404</u>

Petitioners argue that respondent's motion should be denied because section 6404(h)(1) provides a foundation for the Court's jurisdiction that is independent of our jurisdiction under section 6330(d)(1).  Petitioners allege that during the equivalent hearing they requested an abatement of postpetition

---

[7](...continued)
decision letter.

[8]Were it not for the fact that full payment renders this proceeding moot as to 1999 through 2004, it is arguable whether petitioners' claim regarding the reallocation of payments and credits would be entertained.  See Freije v. Commissioner, 125 T.C. 14, 24-30 (2005).

interest[9] under section 6404(e)(1) on the ground that respondent would have collected it if he had filed a proof of claim in petitioners' bankruptcy proceeding.

Section 6404(e) authorizes the Secretary to abate interest assessments attributable to unreasonable errors or delays by the Internal Revenue Service. Section 301.6404-1(c), Proced. & Admin. Regs., provides that a taxpayer shall request abatement on a Form 843, Claim for Refund and Request for Abatement.[10] Section 6404(h)(1) generally gives the Court jurisdiction to review the Commissioner's denial of the taxpayer's request for abatement of interest if the taxpayer files a petition with the Court within 180 days after the Secretary mails a final determination not to abate interest. The Commissioner's final determination letter "is a prerequisite to the Court's jurisdiction and serves as a taxpayer's 'ticket' to the Tax Court." Bourekis v. Commissioner, 110 T.C. 20, 26 (1998); see also Rule 280(b). Petitioners do not dispute that respondent has not issued a final determination not to abate interest. Accordingly, the Court lacks jurisdiction to review respondent's alleged failure to abate interest under section 6404(e).

---

[9]Petitioners contend that for 1996 and 1997 only postpetition interest is at issue.

[10]This regulation predates the enactment of sec. 6404(e) and has not yet been amended to reflect that interest may be abated with respect to income tax if the requirements of sec. 6404(e) are met.

We have previously held that we may review an Appeals officer's determination regarding interest abatement if a taxpayer requests an abatement of interest in a section 6330 hearing, Katz v. Commissioner, 115 T.C. 329, 340-341 (2000), but we will not consider a taxpayer's underlying liability if it was not properly raised at the section 6330 hearing or considered in the notice of determination, see Giamelli v. Commissioner, 129 T.C. 107 (2007); Magana v. Commissioner, 118 T.C. 488, 493-494 (2002). The parties disagree whether petitioners raised a section 6404(e)(1) argument during the equivalent hearing. Respondent contends that petitioners only argued that respondent had waived postpetition interest by failing to submit a proof of claim in petitioners' bankruptcy proceeding. Petitioners' counsel asserts that he raised interest abatement under section 6404(e)(1) when the settlement officer disagreed with petitioners' waiver argument.

Nothing in the decision letter or petition suggests that during the equivalent hearing petitioners raised a section 6404(e)(1) issue. Even if petitioners' position regarding a waiver during the equivalent hearing could be interpreted as an interest abatement request, see, e.g., Urbano v. Commissioner, 122 T.C. 384, 391 (2004) (construing the taxpayers' argument that they were not liable for disputed interest as an interest abatement request); Katz v. Commissioner, supra at 340-341

(viewing the taxpayer's argument that interest should not have accrued during his bankruptcy case as an interest abatement request), we do not need to decide whether petitioners' argument was sufficient to preserve the issue for our review, see Magana v. Commissioner, supra at 493-494. Our jurisdiction to review denials of interest abatement requests made during a section 6330 hearing is confined to cases in which we have section 6330(d)(1) jurisdiction, see Katz v. Commissioner, supra at 340-341, which we do not have in this case.[11]

C.  Conclusion

On the basis of the foregoing, we shall grant respondent's motion to dismiss for lack of jurisdiction and to strike with respect to 1996 and 1997.

III. Respondent's Motion To Dismiss on the Ground of Mootness

After petitioners paid in full their 1999 through 2003 Federal income tax liabilities, respondent filed a motion to dismiss on the ground of mootness and to strike as to 1999 through 2004[12] because he no longer intended to proceed with the

---

[11]We have held that our jurisdiction under sec. 6330(d) to redetermine interest extends beyond that conferred by sec. 6404(h) to grant an interest abatement. Urbano v. Commissioner, 122 T.C. 384, 392-393 (2004). However, because petitioners' claim does not relate to years covered by the notice of determination and does qualify as a "stand-alone" claim for interest abatement, neither source of jurisdiction is available.

[12]On July 17, 2006, petitioners paid their 2004 Federal income tax liabilities.

proposed levy.  Petitioners agree that the payment of their 1999 through 2004 Federal income tax liabilities rendered moot all issues relating to respondent's proposed levy.  However, petitioners assert that issues other than respondent's proposed collection action remain in dispute, such as their contentions regarding misapplication of payments.  Petitioners argue that the Court has jurisdiction until it resolves all issues.

Our jurisdiction under section 6330(d)(1) is generally limited to reviewing whether a proposed collection action is proper.  Greene-Thapedi v. Commissioner, 126 T.C. 1, 7 (2006). Once the Commissioner concedes that there is no unpaid liability for the disputed year upon which a lien or levy could be based, the case is moot.  Id. at 7; Gerakios v. Commissioner, T.C. Memo. 2004-203; Chocallo v. Commissioner, T.C. Memo. 2004-152.  In Greene-Thapedi v. Commissioner, supra at 8-13, we held that in a section 6330 proceeding when a tax liability for a particular year has been fully paid, we lack jurisdiction to determine an overpayment or to order a refund or credit for that year.

Respondent states that he no longer intends to proceed with the levy for 1999 through 2004 as petitioners do not have any unpaid 1999 through 2004 Federal income tax liabilities.  We shall grant respondent's motion and dismiss this case with respect to 1999 through 2004, and all allegations in the petition pertaining to these years shall be deemed stricken from the

petition.[13]  We do not have jurisdiction to determine petitioners' 1999 through 2004 Federal income tax liabilities or to consider whether or how respondent should have applied to those years any payments.  See <u>id.</u>

We have considered all arguments raised by either party, and to the extent not discussed, we find them to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order granting</u> <u>respondent's motions will be</u> <u>issued</u>.

---

[13]We have jurisdiction with respect to 1998.  Whether any fact or issue with respect to 1996, 1997, and 1999 through 2004, is relevant to 1998, within the meaning of sec. 6330(c)(2), is a separate question that does not affect our consideration of respondent's motion.  See <u>Freije v. Commissioner</u>, 125 T.C. at 25.