T.C. Memo. 2009-240

UNITED STATES TAX COURT

DOUGAL C. AND DIANE N. MACDONALD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12652-07L.                Filed October 22, 2009.

<u>William E. Taggart, Jr.</u>, for petitioners.

<u>Jeremy L. McPherson</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  Pursuant to Rule 53,[1] respondent moved to
dismiss the remaining part of this case, which seeks a review of
respondent's determination under section 6330 to proceed with

_____

[1]Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code, as amended.

collection regarding petitioners' unpaid Federal income tax liability for 1998, on the ground of mootness.  For the reasons that follow, we shall grant respondent's motion.

## Background

Petitioners petitioned this Court to review a notice of determination that respondent issued pursuant to section 6330 with respect to petitioners' income tax liabilities for 1998-2004 and a decision letter concerning an equivalent hearing that respondent issued with respect to petitioners' income tax liabilities for 1996 and 1997.  Respondent filed a motion to dismiss for lack of jurisdiction that part of the case involving 1996 and 1997 and a motion to dismiss on grounds of mootness that part of the case involving 1999-2004.  In MacDonald v. Commissioner, T.C. Memo. 2009-63, we held that respondent's motions should be granted, and we issued an appropriate order.[2]

---

[2]MacDonald v. Commissioner, T.C. Memo. 2009-63, was filed on Mar. 24, 2009.  On July 7, 2009, the Court of Appeals for the Second Circuit issued its opinion in Wright v. Commissioner, 571 F.3d 215 (2d Cir. 2009), vacating and remanding T.C. Memo. 2006-273, in which we held that we did not have jurisdiction to consider the taxpayer's abatement claim under sec. 6404(e) and that the taxpayer's sec. 6330 proceeding, insofar as it sought refund of an overpayment, must be dismissed as moot.  The Court of Appeals liberally construed the pro se taxpayer's brief on appeal to assert an issue regarding our jurisdiction to consider the taxpayer's abatement claim.  It held that we had jurisdiction to decide the taxpayer's abatement claim because the taxpayer had adequately raised the abatement issue during the sec. 6330 hearing before the agency; the notice of determination, which did not grant the taxpayer an abatement, was "the Secretary's final determination not to abate * * * interest" under sec. 6404(h)(1);
(continued...)

The only part of the case that remained at issue following the issuance of the order involved petitioners' income tax liability for 1998. This Division of the Court retained jurisdiction.

On April 30, 2009, respondent moved to dismiss the remaining portion of the case involving petitioners' income tax liability for 1998 on the ground of mootness. Specifically, respondent asserted that petitioners had paid all of their 1998 income tax liability (including additions to tax, penalties, and interest with respect to 1998) after they filed their petition. Accordingly, respondent argues that there is no remaining case or

---

[2](...continued)
and the taxpayer filed a timely appeal of the determination within the time required by sec. 6404(h)(1).

In contrast, in this case respondent issued notices of intent to levy with respect to 1996 and 1997 on Aug. 30, 1999. Petitioners did not timely request a sec. 6330 hearing. As a result, petitioners were not entitled to, nor did they receive, a sec. 6330 hearing for those years. Respondent provided an equivalent hearing and issued a decision letter concerning equivalent hearing upholding the proposed levy with respect to 1996 and 1997. A decision letter concerning equivalent hearing under sec. 6330 is not a determination under sec. 6330 and does not confer jurisdiction upon this Court. See Orum v. Commissioner, 123 T.C. 1 (2004), affd. 412 F.3d 819 (7th Cir. 2005). Petitioners asserted for the first time in a supplemental opposition to respondent's motion to dismiss for lack of jurisdiction that we had jurisdiction under sec. 6404(h)(1) as an alternative basis for avoiding dismissal with respect to taxable years 1996 and 1997. However, the record does not establish that petitioners submitted a claim for abatement of interest pursuant to sec. 6404(e) with respect to 1996 and 1997 or that respondent made a determination pursuant to sec. 6404(e) and (h). By reason of the above, respondent did not make a determination with respect to 1996 and 1997 within the meaning of sec. 6330 or sec. 6404(e), and the requirements of sec. 6404(h) have not been satisfied.

controversy with respect to 1998 to sustain this Court's jurisdiction and that the petition insofar as related to that year should be dismissed. Although petitioners agree that they do not have an unpaid Federal income tax liability for 1998, they object to respondent's motion.

## Discussion

Section 6330(a) provides that the Commissioner may not levy on a taxpayer's property or rights to property unless he has first notified the taxpayer in writing of his right to a collection due process hearing. If the taxpayer timely requests a hearing pursuant to section 6330(a), the hearing shall be held before an impartial officer of the Internal Revenue Service Office of Appeals (Appeals Office). Sec. 6330(b). A taxpayer may raise any relevant issue during the hearing, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A). A taxpayer may also challenge the existence or amount of the underlying liability, but only if the taxpayer did not receive a statutory notice of deficiency or did not otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B). Following the collection due process hearing, the Appeals Office shall issue a determination. Sec. 301.6330-1(e)(3), Q&A-E8, Proced. & Admin. Regs.

Section 6330(d)(1) provides that this Court has jurisdiction to review an Appeals Office determination. However, the Tax Court is a court of limited jurisdiction, sec. 7442, and we may exercise jurisdiction only to the extent expressly authorized by Congress, Naftel v. Commissioner, 85 T.C. 527, 529 (1985). In general, our jurisdiction under section 6330(d)(1) is limited to reviewing whether the Commissioner's proposed collection activity is appropriate.[3] Greene-Thapedi v. Commissioner, 126 T.C. 1, 7 (2006). Ordinarily, once the Commissioner concedes that there is no unpaid liability for a disputed year upon which a collection action could be based, a proceeding filed in this Court pursuant to section 6330 is moot. Id.; Gerakios v. Commissioner, T.C. Memo. 2004-203; Chocallo v. Commissioner, T.C. Memo. 2004-152.

The dismissal of a case for mootness is premised upon a well-established principle that the exercise of the Federal judicial power[4] is limited to cases and controversies. Hefti v. Commissioner, 97 T.C. 180, 191 (1991) (mootness is a

---

[3]Our standard of review varies depending on whether the underlying liability was properly at issue in the collection due process hearing. Where the underlying liability was properly at issue, we review the Commissioner's determination de novo; where the underlying liability was not properly at issue, we review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

[4]Although the Tax Court is an Art. I rather than an Art. III court, the Supreme Court has held that the Tax Court exercises judicial power. Freytag v. Commissioner, 501 U.S. 868, 890 (1991).

jurisdictional question since Article III, Section 2 of the Constitution limits the jurisdiction of the Federal judicial system to cases and controversies), affd. 983 F.2d 868 (8th Cir. 1993); see also County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome); West v. Secy. of the DOT, 206 F.3d 920, 924 (9th Cir. 2000) (a controversy must be real and substantial involving a claim for specific relief). For our purposes, a case filed pursuant to section 6330 is moot if the Federal income tax liability that the Commissioner is attempting to collect has been paid in full so that no collection action is appropriate. See Greene-Thapedi v. Commissioner, supra.

In Greene-Thapedi, the Commissioner offset the taxpayer's 1999 overpayment against the taxpayer's 1992 liability, resulting in full payment of the 1992 liability. Id. at 4. The taxpayer moved to amend her petition to include her claim that the Commissioner incorrectly offset the 1999 overpayment against the 1992 liability and that the Commissioner should refund the 1999 overpayment, but we denied the motion on the ground that we did not have jurisdiction to review the taxpayer's refund claim. Id. We explained:

> Petitioner's claim for a refund arises, if at all, under section 6330(c)(2), as an outgrowth of her challenge to the existence and amount of her underlying 1992 tax liability. Pursuant to section 6330(c)(2),

> however, whatever right petitioner may have to
> challenge the existence and amount of her underlying
> tax liability in this proceeding arises only in
> connection with her challenge to the proposed
> collection action.  Inasmuch as the proposed levy is
> moot, petitioner has no independent basis to challenge
> the existence or amount of her underlying tax liability
> in this proceeding.  [Id. at 8; fn. ref. omitted.]

We did not, however, categorically rule out the possibility that we might have to consider in a section 6330 proceeding whether the taxpayer had paid more than was owed where such a determination was necessary for a correct and complete determination of whether the proposed collection action should proceed.  As we explained:  "Conceivably, there could be a collection action review proceeding where * * * the proposed collection action is not moot and where pursuant to sec. 6330(c)(2)(B), the taxpayer is entitled to challenge 'the existence or amount of the underlying tax liability'".  Id. at 11 n.19.

Petitioners argue this is such a case.  That is, petitioners argue that since the existence or amount of their 1998 Federal income tax liability was properly at issue in the collection due process hearing, we have jurisdiction to determine the existence or amount of the 1998 liability pursuant to section 6330(c)(2)(B) and (d).  Petitioners suggest that while payment or collection of a liability described in section 6330(c)(2) renders moot all issues relating to the propriety of respondent's proposed

collection action, the question remains whether the liability was properly assessed.  We disagree.

Petitioners misread our holdings in Greene-Thapedi v. Commissioner, supra, Gerakios v. Commissioner, supra, and Chocallo v. Commissioner, supra.  In each of those cases, we held that where there was no unpaid liability upon which a levy could be based, the case was moot.  Even the hypothetical example we contemplated in Greene-Thapedi v. Commissioner, supra at 11 n.19, presupposed an unpaid liability with respect to which the Commissioner could levy.  Where, as here, the Commissioner concedes there is no unpaid liability for a tax year to collect by levy or other collection action, there is simply no justiciable case or controversy, and the case in respect of that year is moot.[5]  County of Los Angeles v. Davis, supra at 631; West v. Secy. of the DOT, supra at 924.

We recognize that our position may cause hardship and inefficiency in some circumstances.  Nevertheless, as discussed above, the Tax Court is a court of limited jurisdiction, and the Court cannot expand its jurisdiction under section 6330 beyond what Congress expressly authorized, even where doing so might lessen taxpayers' frustration or improve judicial efficiency in particular cases.

---

[5]Petitioners agree that their 1998 tax liability has been fully paid.

We have considered the parties' remaining arguments, and to the extent not discussed above, we find them to be irrelevant, moot, or without merit.[6]

To reflect the foregoing,

<u>An order of dismissal granting respondent's motion will be entered</u>.

---

[6]Petitioners argue that respondent should be sanctioned for filing the instant motion because the motion was filed notwithstanding the Court's instructions to file a status report before filing any further motions. Petitioners misread our order of Apr. 10, 2009, in which we ordered the parties to file a written status report or submit a stipulated decision on or before June 1, 2009, "or respondent shall file an appropriate motion before that date." Respondent's motion is an appropriate motion. Thus, we find no merit in petitioners' argument.