T.C. Memo. 2013-61

UNITED STATES TAX COURT

CHARLIE EDWARD THOMPSON, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6063-11L.                    Filed February 26, 2013.

Charlie Edward Thompson, Jr., pro se.

Linda L. Wong and Cindy L. Wofford, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, Chief Judge: Petitioner seeks review pursuant to sections

6320(c) and 6330(d) of respondent's determination sustaining the filing of a notice

of Federal tax lien with respect to petitioner's 2007 Federal income tax.[1]  Unless

_____

[1]The amended petition indicates that petitioner also seeks to dispute a

(continued...)

[*2] otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

## FINDINGS OF FACT

Petitioner is retired from the U.S. Air Force and the U.S. Postal Service.  He resided in Texas when he filed his petition.

According to third-party information reports submitted to the Internal Revenue Service (IRS), in 2007 petitioner received $45,575 from the Thrift Savings Plan (TSP), $7,150 of military retired pay from the Defense Finance and Accounting Service, $14,950 from the Social Security Administration, and $12 from Pilgrim Bank.  The IRS' computerized transcripts also indicate that in 2007 the Office of Personnel Management (OPM) made a $6,299 gross annuity distribution to petitioner.

---

[1](...continued)
purported notice of deficiency with respect to his 2005 taxable year.  This Court granted respondent's motion to dismiss for lack of jurisdiction and to strike as to taxable year 2005 on the ground that no notice of deficiency or notice of determination was issued to petitioner for that tax year.  Consequently, only petitioner's 2007 taxable year remains at issue.

**[*3]**  Petitioner timely filed his 2007 Federal income tax return, reporting gross income of $52,337, made up of the $45,575 distribution from TSP and a gross annuity of $6,762 from OPM.[2]

On May 26, 2009, respondent mailed petitioner a notice of deficiency, which he received on June 1, 2009.  In the notice of deficiency respondent determined a $4,963 deficiency in petitioner's 2007 Federal income tax.[3]  Petitioner did not petition this Court for redetermination of the deficiency.

On March 31 and April 12, 2010, respondent mailed to petitioner final notices of intent to levy (levy notices) for collection of petitioner's unpaid 2007 tax. On August 10, 2010, respondent mailed to petitioner a Letter 3172, Notice of Federal Tax Lien and Your Right to a Hearing Under IRC 6320 (lien notice), for collection of petitioner's unpaid 2007 tax.  On August 23, 2010, respondent received petitioner's Form 12153, Request for a Collection Due Process or

---

[2]The record does not explain the apparent discrepancy between the $6,299 gross distribution reflected on the IRS computerized transcripts and the $6,762 gross annuity that petitioner reported on his return.

[3]Although the record does not contain a complete copy of the notice of deficiency, from other evidence in the record and the representations of respondent's counsel it appears that in determining the deficiency the IRS treated as taxable income, in addition to the full amounts petitioner reported on his return, petitioner's $7,150 of military retired pay, $12,708 of his Social Security payments, and the $12 of interest from Pilgrim Bank.

**[\*4]** Equivalent Hearing. On this form petitioner requested a hearing with respect to both the lien notice and the levy notices. The only issue he raised was his underlying liability, stating: "I do not owe you guys anything." Respondent treated this letter as a request for an equivalent hearing with respect to the levy notices and as a timely appeal from the lien notice.[4]

On January 27, 2011, respondent's settlement officer (SO) held a telephone conference with petitioner. During this conference petitioner disputed his 2007 tax liability, but he did not provide the SO with any meaningful information to support his position. The SO attempted unsuccessfully to explain to petitioner the basis for the deficiency determination.

On February 1, 2011, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330

---

[4]Respondent's determination to grant an equivalent hearing with respect to the levy notices stemmed from petitioner's not responding to either levy notice within the required 30 days. See sec. 6330(a)(3)(B); sec. 301.6330-1(i)(1), Proced. & Admin. Regs. Generally, equivalent hearings are conducted under the same procedures as are used in Appeals hearings authorized by secs. 6320 and 6330. Sec. 301.6330-1(i)(1), Proced. & Admin. Regs. At the conclusion of an equivalent hearing, the Appeals officer does not issue a notice of determination but instead issues a decision letter, which includes information similar to that in a notice of determination. See, e.g., MacDonald v. Commissioner, T.C. Memo. 2009-63.

**[\*5]** (notice) sustaining the filing of the notice of Federal tax lien.[5]  The notice stated

that the SO had verified that all the legal and procedural requirements for the filing

of the notice of Federal tax lien had been followed and on balance the proposed

collection action by notice of Federal tax lien was no more intrusive than

necessary.

OPINION

Section 6321 imposes a lien in favor of the United States on all property and

property rights of a person who is liable for and fails to pay tax after demand for

payment has been made.  The lien arises when assessment is made and continues

until the assessed liability is paid.  Sec. 6322.  For the lien to be valid against

certain third parties, the Secretary must file a notice of Federal tax lien and, within

five business days thereafter, provide written notice to the taxpayer.  Secs.

---

[5]Also on February 1, 2011, respondent issued petitioner a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330, sustaining the proposed levy.  An "equivalent hearing" decision letter, unlike a notice of determination, generally does not constitute a "determination" for purposes of sec. 6320 or 6330 and so does not provide the requisite basis for invoking this Court's jurisdiction under sec. 6320 or 6330.  See Moorhous v. Commissioner, 116 T.C. 263, 269-270 (2001); Kennedy v. Commissioner, 116 T.C. 255, 262 (2001). Petitioner has not properly placed before us any request to review the decision letter sustaining the proposed levy.  In any event, because the only issue petitioner has raised relates to his underlying liability, which he is not entitled to challenge in this proceeding, it would not affect the outcome in this proceeding if the decision letter were also properly before us.

[*6] 6320(a), 6323(a).  The taxpayer may then request an administrative hearing before an Appeals officer.  Sec. 6320(b)(1); sec. 301.6320-1(c)(1), Proced. & Admin. Regs.  Once the Appeals officer issues a determination, the taxpayer may seek judicial review in the Tax Court.  Secs. 6320(c), 6330(d)(1).

Section 6330(c)(2) prescribes the matters that a person may raise at an Appeals Office hearing, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  The existence or amount of the underlying tax liability may be contested at an Appeals Office hearing, but only if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute that tax liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180-181 (2000).

If the validity of the underlying tax liability is properly at issue, we review that issue de novo.  See Sego v. Commissioner, 114 T.C. at 609-610.  Other issues we review for abuse of discretion.  Id.

The only issue petitioner has raised at his Appeals Office hearing, in his petition, or at trial has been his underlying 2007 tax liability.  He is precluded from challenging this underlying liability, however, because he received a notice of deficiency for his 2007 tax year but failed to timely petition this Court to

**[*7]** redetermine the deficiency.[6]  See secs. 6320(c), 6330(c)(2)(B); Sego v.

Commissioner, 114 T.C. at 609; Goza v. Commissioner, 114 T.C. at 180-181.

Neither in his petition or at any other point in this proceeding has petitioner

raised any issue about any collection alternative or raised any challenge to the

validity of respondent's collection action.  We deem petitioner to have waived any

such issues.  See Rule 331(b)(4) (stating the petition must contain clear and concise

assignments of each and every error which the petitioner alleges to have been

committed in the notice of determination, and any issue not raised in the

assignments of error shall be deemed conceded); Lunsford v. Commissioner, 117

T.C. 183, 187 (2001).  In any event, from our review of the record we are satisfied

that respondent has satisfied the requirements of sections 6320 and 6330.

Consequently, we shall sustain respondent's filing of the notice of Federal tax

lien.[7]

---

[6]The SO reviewed petitioner's underlying 2007 tax liability and discussed it with him, despite petitioner's receiving a notice of deficiency for 2007.  This action does not constitute a waiver of the sec. 6330(c)(2)(B) restriction and does not empower this Court to review petitioner's challenge to his underlying tax liability in this proceeding.  See Behling v. Commissioner, 118 T.C. 572, 577-579 (2002); sec. 301.6320-1(e)(3), Q&A-E11, Proced. & Admin. Regs.

[7]At trial respondent's counsel stated that she believed that "an audit reconsideration would be appropriate after this case is closed" in the light of information that respondent received during the pendency of these proceedings,

(continued...)

[*8]   To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

⁷(...continued)
particularly as to the apparent discrepancy between the $6,299 distribution that OPM reported to the IRS and the $6,762 gross annuity that petitioner reported on his 2007 Federal income tax return, the possibility that petitioner might have had basis in this annuity to reduce the taxable amount, and the possibility that because of a service-connected disability petitioner's military retired pay might not have been fully taxable.  We expect respondent to provide petitioner with an opportunity for this audit reconsideration, and we urge petitioner to cooperate with respondent's requests for information.