T.C. Memo. 2021-142

UNITED STATES TAX COURT

FAISAL AHMED, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12876-18L.                    Filed December 28, 2021.

<u>Frank Agostino</u> and <u>Phillip J. Colasanto</u>, for petitioner.

<u>Marco Franco</u> and <u>Carmen N. Presinal</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  This collection review case is before the Court on respondent's motion to dismiss on grounds of mootness (respondent's motion), to which petitioner objects.  For the reasons discussed below we will grant respondent's motion.

[*2]                              Background

Petitioner timely petitioned the Court to review an Internal Revenue Service (IRS) notice of determination sustaining the filing of a notice of Federal tax lien (NFTL) with respect to petitioner's income tax liabilities for tax years 2013, 2014, 2015, and 2016 and trust fund recovery penalties (TFRPs) assessed against petitioner pursuant to section 6672 for the quarters ending March 31, June 30, September 30, and December 31, 2016.[1]  By order dated July 26, 2019, this Court granted respondent's unopposed motion to dismiss on grounds of mootness as to petitioner's income tax liabilities for tax years 2013, 2014, 2015, and 2016, on the grounds that those liabilities were paid in full.  This left at issue only respondent's determination as to petitioner's TFRPs for the quarters ending March 31, June 30, September 30, and December 31, 2016.

By order dated March 5, 2020, this Court granted in part and denied in part respondent's motion for summary judgment and granted petitioner's motion to remand this case to respondent's Appeals Office (Appeals) for a supplemental hearing with respect to certain matters set forth in the Court's order, including

---

[1]All section references are to the Internal Revenue Code (Code) in effect at all relevant times.  All dollar amounts have been rounded to the nearest dollar.

[*3] verification pursuant to section 6330(c)(1) and (3)(A) that the requirements of certain applicable laws had been met.[2]

On May 1, 2020, a supplemental Appeals conference was held by telephone. On or around June 9, 2020, petitioner sent to the IRS a check for $625,000 along with a letter, dated June 9, 2020, and signed by petitioner's counsel (June 9, 2020, letter). This letter stated that the $625,000 remittance "constitutes a cash bond deposit" for petitioner's TFRP liabilities for his tax periods ending March 31, June 30, and September 30, 2016, and indicated that the aggregate balance due for these liabilities was $617,039 (the sum of $80,737, $411,038 and $125,264 for the quarters ending March 31, June 30, and September 30, 2016, respectively). The June 9, 2020, letter stated in part:

> Under Internal Revenue Code § 6603 and under Rev. Proc. 2005-18, we designate this remittance as a deposit in the nature of a cash bond for the TFRP liabilities of Faisal Ahmed, for the tax periods stated in the above table [the tax periods ending March 31, June 30, and September 30, 2016].
>
> This remittance is a deposit and not a payment of tax within the meaning of Rev. Proc. 2005-18 and should not be posted as a final

---

[2]On July 1, 2019, the IRS Appeals Office was renamed the Internal Revenue Service Independent Office of Appeals. See Taxpayer First Act, Pub. L. No. 116-25, sec. 1001(a), 133 Stat. at 983 (2019). Some of the events in this case predate that renaming. We use the term "Appeals" without distinction to refer to the office both before and after the name change.

[*4]  payment to Taxpayer's account until a decision in the United States Tax Court has been entered.

This cash bond is eligible for interest under IRC § 6603(d).
* * *

    *    *    *    *    *    *    *

To the extent the remittance is more than the amount owed, we designate the remaining funds to be applied to the Taxpayer's 2017 income tax liability (Form 1040).  This remittance is a deposit and not a payment of tax within the meaning of Rev. Proc. 2005-18 and should not be posted as a final payment to Taxpayer's account until decision has been entered in the United States Tax Court.

If any excess remains after this remittance is posted as payment of assessed tax and/or interest for this taxable year in accordance with the subsequent designation, such excess should be immediately refunded to Faisal Ahmed * * * with interest under § 6603(d).

The June 9, 2020, letter stated that petitioner was reiterating his request as reportedly discussed at the May 1, 2020, supplemental hearing that Appeals verify that respondent had satisfied:  (1) the conditions for assessing a penalty under section 6672; (2) the section 6751(b) requirements for written supervisory approval of penalties; and (3) interest calculations under section 6404(g).  The June 9, 2020, letter also requested that the lien be withdrawn or released because, the letter asserted, a cash bond deposit had been provided.

On June 29, 2020, the IRS posted petitioner's $625,000 remittance as payment towards petitioner's outstanding TFRP liabilities for the periods stated in

[*5] the June 9, 2020, letter, resulting (in combination with some payments that petitioner had previously made) in the full payment of petitioner's TFRP liabilities for the quarters ending March 31, June 30, September 30, and December 31, 2016.[3] On September 25, 2020, respondent released the Federal tax lien with respect to the periods at issue. Appeals has not issued any supplemental notice of determination regarding the supplemental hearing held May 1, 2020.

Respondent's motion asserts that petitioner has fully paid his TFRP liabilities for the quarters ending March 31, June 30, September 30, and December 31, 2016. Accordingly, respondent asserts, he does not need or intend to take any further collection action with respect to those periods and has released the lien against petitioner. Consequently, respondent argues, there is no remaining case or controversy to sustain this Court's jurisdiction with respect to petitioner's TFRP liabilities and this case, being no longer justiciable, should be dismissed on grounds of mootness.

---

[3]According to transcripts of account attached to respondent's motion, at various times before June 29, 2020, petitioner made payments that the IRS posted toward petitioner's TFRP liabilities for the period ending December 31, 2016, resulting in a zero balance for that period as of September 30, 2019. Some of these payments were applied to other liabilities and periods, including petitioner's TFRP liabilities for the period ending March 31, 2016.

**[\*6]** In his objection to respondent's motion, petitioner argues that (1) the liabilities at issue should not be deemed fully paid because his $625,000 remittance should have been treated as a deposit rather than payment of tax and (2) this purported deposit does not extinguish petitioner's challenges to the validity of respondent's assessment, respondent's calculation of interest, or the appropriateness of respondent's releasing the lien as opposed to withdrawing the NFTL, and does not relieve respondent from his obligation to comply with the Court's order dated March 5, 2020.

## Discussion

Section 6321 imposes a lien in favor of the United States on all property and property rights of a person who is liable for and fails to pay tax after demand for payment has been made. The lien arises when assessment is made and continues until the assessed liability is paid. Sec. 6322. For the lien to be valid against certain third parties the Secretary must file a notice of Federal tax lien; within five business days thereafter, the Secretary must provide written notice to the taxpayer. Secs. 6320(a), 6323(a). Within 30 days commencing after the end of the five business days, the taxpayer may request an administrative hearing before an Appeals officer. Sec. 6320(b)(1); sec. 301.6320-1(c)(1), Proced. & Admin. Regs. If an administrative hearing is requested, the hearing is conducted by Appeals. At

**[\*7]** the hearing, the settlement officer must verify that the requirements of any applicable law or administrative procedure have been met. Secs. 6320(c), 6330(c)(1). The taxpayer may raise any relevant issue relating to the collection of the unpaid tax. Sec. 6330(c)(2)(A).

Section 6330(d)(1) provides that this Court has jurisdiction to review an Appeals determination. However, the Tax Court is a court of limited jurisdiction, sec. 7442, and we may exercise jurisdiction only to the extent expressly authorized by Congress, Naftel v. Commissioner, 85 T.C. 527, 529 (1985). In general, our jurisdiction under section 6330(d)(1) is limited to reviewing whether the Commissioner's proposed collection activity is appropriate. Greene-Thapedi v. Commissioner, 126 T.C. 1, 7 (2006). Ordinarily, once the Commissioner concedes that there is no unpaid liability for a disputed year upon which a collection action could be based, a proceeding filed in this Court pursuant to section 6330 is moot. Id.; MacDonald v. Commissioner, T.C. Memo. 2009-240, 2009 Tax Ct. Memo LEXIS 242, at *7 ("[A] case filed pursuant to section 6330 is moot if the Federal income tax liability that the Commissioner is attempting to collect has been paid in full so that no collection action is appropriate."). Section 6330 does not give the Court jurisdiction to determine an overpayment or order a refund or credit of taxes

[*8] paid.  Willson v. Commissioner, 805 F.3d 316 (D.C. Cir. 2015); Greene-Thapedi v. Commissioner, 126 T.C. at 7-8.

Petitioner does not expressly dispute that full payment of his tax liabilities would moot this collection action.  He contends, however, that his $625,000 remittance was not a payment but rather "a deposit to secure the discharge of the lien".  Accordingly, he suggests, the remittance did not moot this action.  We disagree.

As a threshold matter, the record shows that petitioner had paid off his TFRP liability for the period ending December 31, 2016, before he ever made the $625,000 remittance.  Accordingly, petitioner's argument that the $625,000 remittance was a deposit rather than a payment cannot defeat a holding of mootness with respect to his TFRP liability for the period ending December 31, 2016.

Petitioner's argument is also unavailing as to the other three periods (those periods ending March 31, June 30, and September 30, 2016) with respect to which the NFTL was filed.  Petitioner concedes that his $625,000 remittance did not constitute a deposit under section 6603, even though the June 9, 2020, letter

[*9] repeatedly characterized it as such.[4]  He argues, however, that it nevertheless constitutes a deposit under a judicially created "facts and circumstances approach" that predates the enactment of section 6603.  In support of this proposition petitioner cites Rosenman v. United States, 323 U.S. 658 (1945), and Deaton v. Commissioner, T.C. Memo. 2005-1, aff'd, 440 F.3d 223 (5th Cir. 2006).  These cases, however, are readily distinguishable from the case at hand.  Each case involved remittances that--unlike petitioner's $625,000 remittance--were made before the taxpayers' tax liabilities had been assessed.  Because petitioner's TFRP liabilities had been assessed before he made his $625,000 remittance, it constituted payment of those liabilities.  See Charles Leich & Co. v. United States, 329 F.2d 649, 652 (Ct. Cl. 1964) ("It seems clear that a remittance made by a taxpayer of an amount * * * given in response to an assessment of taxes by the Internal Revenue

---

[4]Sec. 6603(a), as enacted in 2004, provides that a taxpayer may make a cash deposit with respect to "any tax imposed under subtitle A or B or chapter 41, 42, 43, or 44 which has not been assessed at the time of the deposit."  Respondent asserts that petitioner's $625,000 remittance failed to qualify as a deposit under sec. 6603(a) because petitioner's TFRP liabilities had already been assessed at the time of the remittance.  Seemingly on this basis petitioner concedes the nonapplicability of sec. 6603.  Neither party has addressed what would seem to be a more fundamental impediment to treating the remittance as a deposit under sec. 6603(a), namely that TFRP liabilities are imposed under sec. 6672, which is in chapter 68 in subtitle F of the Code, rather than in any of the subtitles or chapters listed in sec. 6603(a).

**[\*10]** Service is a payment of tax."). In any event, even if we were to agree with petitioner that his $625,000 remittance constituted a deposit in the first instance (which we do not), respondent's application of the remittance as payment towards petitioner's assessed and outstanding TFRP liabilities would have constituted payment of those liabilities. See Rosenman, 323 U.S. at 661 (holding that the Government's application of a remittance after the taxpayer's deficiency had been assessed constituted payment of the tax liability, triggering the limitations period for the taxpayer to claim a refund).

Given that (1) petitioner has fully paid the liabilities underlying the NFTL, (2) respondent has released the lien, and (3) there is no outstanding tax liability on which further collection action could be based, there remains no justiciable case or controversy, and this collection proceeding is moot. See Greene-Thapedi v. Commissioner, 126 T.C. at 7-8; MacDonald v. Commissioner, 2009 Tax Ct. Memo LEXIS 242, at \*7 (and cases cited thereat) ("For our purposes, a case filed pursuant to section 6330 is moot if the Federal income tax liability that the Commissioner is attempting to collect has been paid in full so that no collection action is appropriate.").

In Greene-Thapedi v. Commissioner, 126 T.C. at 11 n.19, in holding that this Court lacks jurisdiction to review a taxpayer's refund claim in a section 6330

[*11] collection proceeding, we observed that we could not rule out the possibility that in such a proceeding consideration should be given to "whether the taxpayer has paid more than was owed, where such a determination is necessary for a correct and complete determination of whether the proposed collection action should proceed." Petitioner argues that the instant case presents the "exception" contemplated in Greene-Thapedi. This Court has previously considered and rejected a similar misreading of Greene-Thapedi, observing that even the hypothetical situation contemplated in that case "presupposed an unpaid liability with respect to which the Commissioner could levy. Where, as here, the Commissioner concedes there is no unpaid liability for a tax year to collect by levy or other collection action, there is simply no justiciable case or controversy, and the case in respect of that year is moot." MacDonald v. Commissioner, 2009 Tax Ct. Memo LEXIS 242, at *10.

Petitioner also errs in relying on Vigon v. Commissioner, 149 T.C. 97 (2017), to support his contention that this case is not moot. In that collection proceeding the taxpayer challenged his underlying liability for penalties assessed under section 6702. The IRS subsequently abated the penalties and released the lien. Id. at 100-101. We held that the case was not moot because the IRS reserved the possibility of collecting those same penalties in the future. Id. at 108, 111.

**[\*12]** This case is distinguishable from <u>Vigon</u> in at least two respects. First, petitioner has not challenged his underlying liabilities in this proceeding. Second, petitioner's tax liabilities have been satisfied and not merely abated. Consequently, unlike in <u>Vigon</u>, in this case there is no basis for any future collection action with regard to petitioner's tax liabilities for the periods in question.

Petitioner argues that his verification challenges (including his verification-based challenges to the assessment of the TFRPs, the interest thereon, and the NFTL) should survive his $625,000 "deposit". As discussed, we have rejected petitioner's argument that his $625,000 remittance was a deposit. Petitioner's full payment of his tax liabilities renders moot all issues relating to the propriety of respondent's collection actions. <u>See</u> <u>MacDonald v. Commissioner</u>, 2009 Tax Ct. Memo LEXIS 242, at \*9. For the same reason, further compliance with the Court's order dated March 5, 2020, is moot.

Without meaningful discussion, petitioner suggests that this case is not moot because, he says, he was entitled to a withdrawal of the NFTL under section 6323(j) as opposed to the release of the lien. Again, petitioner's argument appears to be premised on our treating his $625,000 remittance as a deposit rather than a payment--a premise that we have rejected. For the reasons discussed above, the

[*13] remittance was properly treated as payment resulting in the full satisfaction of petitioner's tax liabilities underlying the NFTL and the release of the lien in accordance with sections 6322 and 6325.

In sum, no unpaid liability remains on petitioner's tax accounts for the periods with respect to which the NFTL was filed. Respondent has released the lien and there is no outstanding tax liability on which further collection action could be based. Petitioner has received all the relief that section 6330 authorizes the Tax Court to provide. If petitioner seeks a refund or overpayment credit or other relief, then any legal remedy would lie in a U.S. District Court or the U.S. Court of Federal Claims rather than in this Court. Accordingly, we will grant respondent's motion and dismiss this case on grounds of mootness.

<u>An appropriate order will</u>

<u>be entered</u>.