148 T.C. No. 17

UNITED STATES TAX COURT

FIRST ROCK BAPTIST CHURCH CHILD DEVELOPMENT CENTER
AND FIRST ROCK BAPTIST CHURCH, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16724-14L.                      Filed May 18, 2017.

In an effort to collect P1's outstanding employment tax liabilities for 2007-2010, R issued a Notice of Federal Tax Lien (NFTL) Filing and Your Right to a Hearing.  This notice was sent to P1 at its correct address and showed P1's correct taxpayer identification number (TIN).  However, the notice showed the addressee as P2, a separately incorporated church with which P1 is affiliated.

P1 and P2 timely requested a collection due process (CDP) hearing, during which P1 requested that the NFTL be withdrawn and proposed an installment agreement (IA).  The settlement officer (SO1) concluded that P1's installment agreement could not be accepted and issued a notice of determination sustaining the NFTL filing.  The notice of determination showed P1's correct address and TIN but showed P2 as the addressee.

P1 and P2 jointly petitioned this Court, and upon R's motion the case was remanded to the Internal Revenue Service (IRS) Appeals

Office. On remand the settlement officer (SO2) determined that the lien documenation was ambiguous and that "lien withdrawal * * * is appropriate." SO2 determined that P1's request for an IA could not be granted because P1 was not in compliance with its ongoing tax return filing obligations. SO2 issued a supplemental notice of determination that showed P1's correct address and TIN but again showed the addressee as P2.

P1 seeks to dispute its underlying tax liabilities and the rejection of its proposed installment agreement. R contends that this case is moot because P1 secured the principal relief it had requested, withdrawal of the NFTL.

1. Held: The Court has jurisdiction to review SO2's determination to the extent he denied relief requested by P1, to which the notice of determination was issued and which is the subject of the IRS collection action.

2. Held, further, the Court does not have jurisdiction over P2 because it is not the subject of IRS collection action and no notice of determination was issued to it.

3. Held, further, this case is not moot because, notwithstanding the withdrawal of the NFTL, there remains a live case or controversy between P1 and R concerning the correctness of SO2's "determination." See I.R.C. sec. 6330(d)(1).

4. Held, further, the Court cannot consider P1's challenge to its underlying tax liabilities because it did not raise that challenge at the original or supplemental CDP hearing.

5. Held, further, SO2 did not abuse his discretion in denying P1's request for an installment agreement because P1 at that time was not in compliance with its ongoing tax return filing obligations.

Wayne J. King, for petitioners.

Deborah Aloof, for respondent.

OPINION

LAUBER, Judge:  In this collection due process (CDP) case, petitioners seek review of a determination by the Internal Revenue Service (IRS or respondent) concerning a collection action.  Respondent contends that the case is moot because the IRS, in a supplemental notice of determination, afforded the principal relief requested in the petition.  To the extent we determine that the case is not moot, respondent asks that we treat his motion to dismiss as a motion for summary judgment and grant it as such.  We will do the latter.

## Background

The following facts are based on the parties' pleadings, respondent's motion, petitioners' opposition, and respondent's reply, including the attached affidavits and exhibits.  Petitioner First Rock Baptist Church Child Development Center (Center) is a separately incorporated affiliate of First Rock Baptist Church (Church), a religious organization.  At all relevant times the Center has had its business and mailing address at 4638 H Street, S.E., Washington, D.C.  At all

relevant times the Church has had its place of worship and mailing address at 4630 Alabama Avenue, S.E., Washington, D.C. The Center has a nine-digit taxpayer identification number (TIN) ending in 8326. The Church has a distinct nine-digit TIN ending in 9285.

The Center became delinquent in its employment tax liabilities for 10 calendar quarters during 2007-2010. The Center filed Forms 941, Employer's Quarterly Federal Tax Return, reporting payroll taxes due for these periods, but it submitted no tax payments. The IRS subsequently assessed these liabilities; as of November 6, 2012, the liabilities (including applicable additions to tax and interest) totaled $438,381. IRS Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, confirm that these assessments were made against the Center, i.e., the taxpayer with the TIN ending in 8326.[1]

On November 15, 2012, in an effort to collect these unpaid liabilities, the IRS mailed to the Center at its correct address, 4638 H Street, S.E., Washington, D.C., a Notice of Federal Tax Lien (NFTL) Filing and Your Right to a Hearing. This notice showed the Center's TIN ending in 8326 and described the NFTL as

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

having been filed to collect the Center's employment tax liabilities as set forth above. However, the notice showed the addressee as "First Rock Baptist Church."

The IRS enclosed with this notice Form 668, Notice of Federal Tax Lien. The Form 668 showed the notice as having been filed against a taxpayer located at 4638 H Street, S.E., Washington, D.C., with a TIN ending in 8326. It likewise showed the notice as having been filed to collect the Center's employment tax liabilities, in the aggregate amount of $438,381, for the 10 calendar quarters ending June 30, 2010. However, the Form 668 showed the "name of taxpayer" as "First Rock Baptist Church."[2]

The Center and the Church timely requested a CDP hearing. In their request they urged that the NFTL be withdrawn and stated that the "amount of the lien does not reflect payments made and canceled checks."

The case was assigned to a settlement officer (SO1) who scheduled a telephone CDP conference. On October 29, 2013, the Center submitted, under its TIN ending in 8326, a proposed installment agreement offering to pay the assessed taxes (plus additions to tax and interest as provided by law) in monthly installments

---

[2]It appears to the Court that "First Rock Baptist Church" may have appeared on these documents as the addressee/taxpayer because there was insufficient space to include "Child Development Center" on the same line or because the IRS computer system used "First Rock Baptist Church" as an abridged form of "First Rock Baptist Church Child Development Center."

of $2,283. SO1 concluded that "no collection alternative can be approved" although the basis for this rejection was not entirely clear. She further determined that "the NFTL was correctly and properly filed."

On June 20, 2014, the IRS issued a notice of determination sustaining the collection action. This notice was sent by certified mail to the Center at its correct address, 4638 H Street, S.E., Washington, D.C. The notice correctly showed the Center's TIN ending in 8326 but again showed the addressee as "First Rock Baptist Church."

On July 17, 2014, petitioners jointly filed a timely petition with this Court, chiefly contending that the NFTL should be withdrawn. On October 16, 2015, respondent moved to remand the case to the IRS Appeals Office for two reasons: (1) to give further consideration to whether the NFTL should be withdrawn and (2) to clarify why SO1 had rejected the Center's proposed installment agreement. Petitioners did not oppose a remand, and we granted respondent's motion.

On remand the case was assigned to a new settlement officer (SO2). He decided that the NFTL documentation was ambiguous and that "lien withdrawal under IRC section 6323(j) is appropriate." He accordingly determined that "the Notice of Federal Tax Lien that's the subject of this hearing is withdrawn." On the other hand, SO2 concluded that the Center's request for an installment agreement

could not be granted because it was not in compliance "with all return filing requirements." In support of that conclusion he noted that the Center was organized in 2006 but had not filed Forms 990, Return of Organization Exempt From Income Tax, for tax years 2006-2013. SO2's case activity record reports a concession by petitioners' representative that "the results of * * * [the Center's] business operations ha[d] never been reported" before 2014.

On January 7, 2016, the IRS issued a supplemental notice of determination reflecting the conclusions set forth above. That notice stated: "The withdrawal of the lien notice and denial of your installment agreement request effectively balance the need for efficient collection of tax with your concern that any collection action be no more intrusive than necessary. The lien withdrawal will eliminate the erroneous lien and the denial of the installment agreement is within established policy and procedures." This notice was mailed to the Center at its correct address, 4638 H Street, S.E.,Washington, D.C. It correctly showed the Center's TIN ending in 8326, but it again showed the addressee as "First Rock Baptist Church."

On December 5, 2016, respondent filed a motion to dismiss on grounds of mootness. In that motion he noted that petitioners had secured the principal relief they requested--withdrawal of the NFTL--and that the Center had fully paid its outstanding tax liabilities for the first three quarters in question. Although the

Center had outstanding liabilities for the later seven quarters, respondent expressed his understanding that the Center did not contest its employment tax liabilities for those quarters. Finally, respondent urged that SO2 did not abuse his discretion in rejecting the proposed installment agreement because the Center was not in full compliance with its ongoing tax return filing obligations.

In opposing respondent's motion to dismiss, the Center notes that "there are still outstanding liabilities" for the seven calendar quarters ending June 30, 2010. The Center disputes its liability for that final quarter on the ground that its original Form 941 "incorrectly doubled [the] amount owed." The Center represents that this alleged error was discovered by a new bookkeeper and is the subject of a claim for refund on a Form 941-X, Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund, that the Center had filed on August 29, 2014.

The Center also disputes its liability for certain additions to tax and interest. It attached to its response to the motion to dismiss copies of three Forms 843, Claim for Refund and Request for Abatement, filed with the IRS on August 29, 2014, and July 6, 2016, respectively. On these forms it requested: (1) abatement of late-filing and failure-to-pay additions to tax for the June 30, 2010, calendar quarter and (2) abatement of penalties and interest for failure to file timely its Forms 990 for 2012 and 2014. With respect to SO2's rejection of its proposed installment

agreement, the Center does not dispute that it was not in full compliance with its tax return filing obligations at the time the IRS issued the supplemental notice of determination.[3]

## Discussion

### A.  Jurisdiction

The Tax Court is a court of limited jurisdiction, and we must ascertain whether the case before us is one that Congress has authorized us to consider.  See sec. 7442; Estate of Young v. Commissioner, 81 T.C. 879, 881 (1983).  In determining whether we have jurisdiction over a given matter, this Court and the Courts of Appeals have given our jurisdictional provisions a broad, practical construction rather than a narrow, technical one.  Lewy v. Commissioner, 68 T.C. 779, 781 (1977).  When a statute is capable of two interpretations, "we are inclined to adopt a construction which will permit us to retain jurisdiction without doing violence to the statutory language."  Traxler v. Commissioner, 61 T.C. 97, 100 (1973).

We conclude that we have subject matter jurisdiction over this controversy and that the Center has properly invoked our jurisdiction.  This case arose from IRS

---

[3]The Center asserts, without contradiction by respondent, that it has been paying $2,283 per month pursuant to the installment agreement it submitted in October 2013, even though the IRS has not yet approved that agreement.  It says that it "still needs an installment agreement that allows it to calculate the total amount owed."

collection action intended to facilitate collection of the Center's employment tax liabilities, in the aggregate amount of $438,381, for the 10 calendar quarters ending June 30, 2010. Under section 6321 a Federal tax lien arose automatically against the Center when it failed to pay these liabilities after notice and demand. See sec. 6321 ("If any person liable to pay any tax neglects or refuses to pay the same after * * * [notice and] demand, the amount * * * shall be a lien in favor of the United States upon all property and rights to property * * * belonging to such person.").

The Form 668 informed the public that there was a lien in favor of the United States, in the amount of $438,381, attributable to the Center's unpaid employment taxes for the 10 calendar quarters ending June 30, 2010. This form showed the Center's TIN ending in 8326 and the Center's address at 4638 H Street, S.E.,Washington, D.C.

The Notice of Federal Tax Lien Filing and Your Right to a Hearing likewise displayed the Center's tax liabilities as set forth above and the Center's TIN ending in 8326. That notice was properly sent by certified mail to the Center at its correct address, 4638 H Street, S.E.,Washington, D.C. See sec. 6320(a)(1) ("The Secretary shall notify in writing the person described in section 6321 of the filing of a notice of lien."); sec. 6320(a)(2)(C) (providing that this notice shall be sent (among other means) "by certified or registered mail to such person's last known address").

Within 30 days of receiving this notice, the Center timely requested a CDP hearing. See secs. 6320(a)(3)(B), 6330(d)(1). During that hearing SO1 considered and rejected (1) the Center's demand that the NFTL be withdrawn and (2) the Center's proposal for a collection alternative in the form of an installment agreement. The notice of determination setting forth these conclusions was sent to the Center at its correct address, bore the Center's TIN ending in 8326, and showed that it related to the Center's 10 quarterly tax periods ending June 30, 2010.

Upon respondent's motion we remanded this case to the IRS Appeals Office for a supplemental CDP hearing. During that hearing SO2 agreed with the Center that the NFTL should be withdrawn, and the NFTL was withdrawn.[4] However, SO2 reaffirmed SO1's prior determination to reject the Center's proposed collection alternative in the form of an installment agreement. Despite the withdrawal of the NFTL, there remains a live case or controversy between the IRS and the Center on the latter subject.

We have jurisdiction over a CDP case if the IRS sends a written notice of determination to the taxpayer that is the subject of the collection action and that

[4]The supplemental notice of determination concluded: "It's the determination of Appeals that lien withdrawal under IRC section 6323(j) is appropriate and the Notice of Federal Tax Lien that's the subject of this hearing is withdrawn." We assume that the IRS withdrew the NFTL in accordance with SO2's directive. Petitioners do not contend otherwise in opposing respondent's motion to dismiss.

person petitions this Court for review within 30 days of that notice. Lunsford v. Commissioner, 117 T.C. 159, 164 (2001); Thompson v. Commissioner, T.C. Memo. 2013-260, 106 T.C.M. (CCH) 566, 570. If a notice of determination specifies the taxable periods, the liabilities, and the collection action to which it relates, or at the very least provides sufficient information so that the taxpayer cannot reasonably be deceived as to these items, the notice is generally valid. See LG Kendrick, LLC v. Commissioner, 146 T.C. 17, 28-29 (2016), aff'd, __ F. App'x __, 2017 WL 1325249 (10th Cir. Apr. 11, 2017); cf. Dees v. Commissioner, 148 T.C. __ (Feb. 2, 2017) (finding jurisdiction in the case of an ambiguous notice of deficiency where the taxpayer was not misled by the ambiguity and timely petitioned this Court).

The Center is the subject of the IRS collection action because it owes the tax liabilities in question, the Federal tax lien arose against it, and the NFTL (despite some ambiguity in denominating the taxpayer) was clearly intended to facilitate collection of the Center's tax liabilities. The IRS properly mailed the notice of determination to the Center at its last known address. That notice correctly specified the taxable periods, the tax liabilities, and the collection action to which it related. And the Center petitioned this Court within 30 days of that notice. We

accordingly have jurisdiction to decide the issues that remain in controversy between the Center and the IRS.

On the other hand, we conclude that the Church is not a proper party and that the case must be dismissed for lack of jurisdiction as to it. The Church is not the subject of any IRS collection action: It has no outstanding Federal tax liabilities, and no Federal tax lien against it has ever existed. No valid notice of determination (or other notice sufficient to confer jurisdiction on this Court) was issued by the IRS to the Church. Our jurisdiction under sections 6320 and 6330 depends upon the issuance of a valid notice of determination and the filing of a timely petition for review. Orum v. Commissioner, 123 T.C. 1, 8 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001).[5]

We agree with respondent that this case is moot insofar as the Center sought withdrawal of the NFTL because the IRS has granted that relief. We agree that the case is also moot insofar as it concerns the Center's employment tax liabilities for the three calendar quarters during 2007 because the Center has fully paid those liabilities. See Green-Thapedi v. Commissioner, 126 T.C. 1 (2006). However, the

---

[5]The only issue of concern to the Church (as opposed to the Center) was that the records of the District of Columbia Recorder of Deeds might cause someone to conclude incorrectly that a Federal tax lien existed against the Church. That problem was solved when the IRS withdrew the NFTL filing.

Center has outstanding tax liabilities for the other seven calendar quarters at issue. It disputes those liabilities to some extent, and it disputes SO2's rejection of its proposed installment agreement.

To the extent respondent contends that withdrawal of the NFTL by itself moots the entire case, we reject that contention. Section 6330(d)(1) grants us jurisdiction to review agency action that is embodied in a "determination." Both the original notice of determination and the supplemental notice of determination addressed two issues: whether the NFTL should be withdrawn and whether the Center's proposed installment agreement should be accepted. Although the IRS ultimately decided the first issue in the Center's favor, it decided the second issue against the Center. There remains a genuine case or controversy between the parties as to that second issue, and section 6330(d)(1) gives us jurisdiction to decide whether the agency's "determination" concerning that issue was correct.

We will accordingly treat respondent's motion to dismiss as a Rule 121 motion for summary judgment insofar as it applies to the balance of this case. Doing so will not prejudice the Center, because it fully addressed all relevant issues in responding to the motion to dismiss. See Del-Co W. v. Commissioner, T.C. Memo. 2015-142, 110 T.C.M. (CCH) 119, 120. We find that there are no disputed issues of material fact and that a decision concerning the remaining issues may appro-

priately be rendered as a matter of law. See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).

B.      Underlying Tax Liabilities

In reviewing a determination under section 6330(c)(2) we consider only issues that the taxpayer properly raised during the CDP hearing. Sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see Giamelli v. Commissioner, 129 T.C. 107, 115 (2007). A taxpayer during a CDP hearing does not properly raise an issue, including an issue concerning its underlying tax liability, if it "fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to present such evidence." Sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see Pough v. Commissioner, 135 T.C. 344, 349 (2010). The taxpayer must also raise the issue in his petition to this Court. Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.").

The Center challenges its underlying employment tax liabilities for only one calendar quarter, namely the quarter ending June 30, 2010. It bases this challenge on the theory that its original Form 941 "incorrectly doubled [the] amount owed." There is no evidence (and the Center does not contend) that it raised this issue during its initial CDP hearing. The Form 941-X on which the Center claimed a

refund stemming from this error was filed August 29, 2014, ten weeks after the IRS issued the original notice of determination. On that Form 941-X the Center represented that a new bookkeeper had discovered this alleged error after she received certain documents on July 30, 2014, five weeks after the IRS issued the original notice of determination.

Petitioners did not list this "double reporting" issue in their petition filed on July 17, 2014, or via any amendment to their pleadings. The Center's employment tax liabilities for the June 30, 2010, quarter was not included as a basis for the remand to the IRS Appeals Office. There is no evidence that the Center raised this issue before SO2 on remand, and it was not addressed in the supplemental notice of determination. That issue therefore is not properly before us. Rule 331(b)(4); see Thompson v. Commissioner, 140 T.C. 173, 178 (2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing.")

In disputing its liability for additions to tax, the Center points to a Form 843 filed on August 29, 2014, referring to late-filing and failure-to-pay additions to tax assessed for the June 30, 2010, calendar quarter. There is no evidence that the Center raised this issue either in its original or in its supplemental CDP hearing. And it did not raise this issue in its petition to this Court.

In disputing its liability for interest, the Center refers to its Form 843 claim for abatement of interest assessed in connection with the late filing of its Forms 990 for 2012 and 2014. The Center did not raise any interest abatement issue either in its original or in its supplemental CDP hearing. In any event we would appear to have no jurisdiction over that issue because the instant case is concerned solely with the Center's employment tax liabilities for 2007-2010. See Lister v. Commissioner, T.C. Memo. 2003-17 (holding that the Court lacked CDP jurisdiction over taxable years for which the IRS made no determination of collection action). In sum, none of the Center's challenges to its underlying tax liabilities is properly before us in this case.

C.    Abuse of Discretion

In deciding whether SO2 abused his discretion, we review the record to determine whether he: (1) properly verified that the requirements of applicable law or administrative procedure have been met; (2) considered any relevant issues petitioners raised; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioners] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3).

It is clear from our review of the record that SO2 analyzed the transcripts of the Center's accounts and properly verified that the requirements of applicable law and administrative procedure were followed. The notice of determination states, and the Center does not dispute, that the IRS properly assessed the tax liabilities in question and mailed the Center a notice and demand for payment. The primary issue the Center raises concerns its eligibility for an installment agreement.

The Center submitted an installment agreement to SO1. In the supplemental CDP hearing SO2 concluded that this request could not be granted because the Center was not in compliance with its tax return filing requirements. A settlement officer does not abuse his discretion in rejecting an installment agreement when a taxpayer is not in compliance with its tax obligations for tax years after the subject years. See, e.g., Boulware v. Commissioner, T.C. Memo. 2014-80, 107 T.C.M. (CCH) 1419; Starkman v. Commissioner, T.C. Memo. 2012-236 (sustaining rejection where the taxpayer failed to file a timely return or make estimated tax payments for a subsequent year).

Although SO1 agreed that a monthly payment of $2,283 accurately reflected the Center's ability to pay, SO2 on remand concluded that the Center was ineligible for an installment agreement because it was not then in compliance with all of its Federal tax return filing obligations--specifically, its obligation to file Form 990.

The Center does not dispute that it is obligated to file Form 990 (it subsequently filed Forms 990 for 2014 and other years) or that it was, at the time of the supplemental CDP hearing, delinquent in that respect. Nor does the Center dispute that, in the case of a tax-exempt entity, Form 990 filing obligations come within the general rule that "[t]axpayers must be in compliance with all filing and payment requirements prior to approval of installment agreements." Internal Revenue Manual (IRM) pt. 5.14.1.4.2(3) (Sept. 19, 2014).

Rather, the Center alleges that it is now in full compliance with its tax obligations, having filed delinquent Forms 990 for the relevant tax years. If that is so, the Center is free at any time to submit to the IRS a new request for an installment agreement, which the IRS may well accept. But because the Center was not in full compliance with its tax obligations as of the time the supplemental notice of determination was issued, SO2 did not abuse his discretion in denying its request for a collection alternative at that time. See Boulware, 107 T.C.M. (CCH) at 1427. Finding no abuse of discretion in this or in any other respect, we will sustain the collection action set forth in the supplemental notice of determination withdrawing the NFTL but rejecting the proposed installment agreement.

To reflect the foregoing,

An appropriate order and decision
will be entered for respondent.